

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2005

# In Re: David Dickson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3709

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: David Dickson " (2005). *2005 Decisions.* Paper 1468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3709

IN RE: DAVID C. DICKSON, III,

Debtor

DAVID C. DICKSON, III,

v.

ELIZABETH J. TINDALL

David C. Dickson, III,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 4:03-CV-731)
District Court Judge: Hon. John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
January 19, 2005

Before: ALITO, MCKEE, and SMITH, Circuit Judges.

(Opinion Filed: March 8, 2005)

PER CURIAM:

As we write only for the parties involved, we will not restate the evidence below. We find the Appellant David Dickson's arguments to be without merit and affirm the District Court's order.

David Dickson filed for Chapter 11 bankruptcy in the Middle District of Pennsylvania, seeking to discharge an obligation to make monthly payments to his former wife, Elizabeth Tindall, in the amount of $1,900.00. The Bankruptcy Court, however, held that the payments were alimony and therefore non-dischargeable under 11 U.S.C. §523(a)(5)(B), and the District Court affirmed. In this appeal, Dickson argues that the payments were not in the nature of alimony. This inquiry turns on the parties' intent at the time of the agreement, and we review the Bankruptcy Court's finding for clear error. In Re: Gianakas, 917 F.2d 759, 761-62 (3d Cir. 1990).

Before proceeding to his substantive argument, Dickson contends that the District Court committed legal error by not discounting Bankruptcy Court Judge Thomas's findings of fact on the grounds that Judge Thomas decided the case based on a transcript of a hearing conducted by Judge Woodside, who passed away before deciding the case. However, Dickson was given the opportunity to have the case reheard by Judge Thomas, but he consented to a decision on the record. Furthermore, Judge Thomas's decision did

not rest on any determination of witness credibility. Under these circumstances, there is no basis for giving the findings of the Bankruptcy Court less deference merely because, by mutual consent of the interested parties, the case was decided on the record.

The question of whether Dickson's obligation to make monthly payments to Tindall is properly characterized as alimony depends on whether the parties intended to arrange for Tindall's support or intended a property settlement unrelated to support. See In Re: Gianakas, 917 F.2d at 762. "That intent can best be found by examining three principal factors": (1) the language and substance of the agreement in the context of surrounding circumstances, (2) the parties' financial circumstances at the time of the settlement, and (3) the function served by the obligation at the time of the divorce. Id.

Here, the language creating the debt expressly states that the payments to Tindall constitute alimony. Dickson argues that this language was used solely because alimony payments are tax-deductible and that both parties actually intended for the payments to be a division of marital property. In support of this argument, Dickson cites the wording of the clause dividing marital property, which indicates that this division was only a "partial settlement." From this language, Dickson infers that the monthly payments labeled "alimony" constituted the remaining element of that division.[1] Although we appreciate Dickson's argument, we cannot say that the language in question forecloses the contrary

---

[1]Mr. Dickson's arguments based on settlement negotiations and other surrounding circumstances can not be considered on appeal because they rely on documents not in the record. See FED. R. APP. P. 10(b)(2).

3

reading adopted by the Bankruptcy Court.

The parties' financial circumstances at the time of settlement support the finding that the payments were intended to allow Tindall to support herself. At the time, Tindall was unemployed and lacked a college degree whereas Dickson fully expected that his profitable practice would continue to provide him with ample income. Although the total value of the settlement is generous given that the marriage lasted only six years and the couple did not have any children, the Bankruptcy Court considered these facts in light of the couple's lifestyle during marriage. The conclusion that Tindall required the money to maintain that lifestyle was not clearly erroneous given her limited ability to earn money.

Lastly, the function served by the payments at the time of the divorce suggests that the parties intended Tindall to use the money to support herself. Dickson acknowledges that the amount of each monthly payment corresponded to the mortgage payment on the marital home. Both the Bankruptcy Court and the District Court found that these payments allowed Tindall to pay the mortgage and remain in the marital home. Dickson's argument that the terms of the agreement did not require Tindall to use the payments to pay the mortgage does not require a finding that the money was not intended for Tindall's support.

For the above reasons, we affirm the finding that the payments are in the nature of alimony and therefore non-dischargeable.

4